**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jon Mark WHITAKER, Defendant–Appellant.**

**No. 06–51548**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 12, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Ricardo R. Alvarado, Alvarado Law Office, Jason Bowles, Midland, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jon Mark Whitaker appeals his conviction for mail fraud and the resulting order to pay restitution in the amount of $450,028.29. Whitaker argues that the Government failed to establish federal ju-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

risdiction because the mailing of insufficient funds checks to suppliers and subcontractors did not further his scheme to defraud. He also contends that the district court erred in ordering restitution at an amount higher than the statutory maximum fine. The Government responds by seeking to enforce Whitaker's appeal waiver and contends that his challenge to the amount of restitution is barred from review.

■ Whitaker's argument that the Government failed to establish federal jurisdiction is without merit. The Government alleged that Whitaker knowingly mailed insufficient funds checks to suppliers and subcontractors defrauding them of their services and delaying the discontinuation of their work so as to continue to perpetrate fraud on the home buyers. The mailings were integral to the fraud and without them Whitaker's scheme "would have come to an abrupt halt." *Schmuck v. United States*, 489 U.S. 705, 712, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

■ Whitaker's appeal waiver was knowing and voluntary, and therefore, the waiver is enforced. *See United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992). As such, we do not address the merits of Whitaker's challenge to the amount of restitution.

Accordingly, the judgment of the district court is AFFIRMED.